UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| QAISAR KHAN,<br>an individual,<br><br>            Plaintiff,<br>vs.<br><br>KIR TAMPA 003, LLC,<br>a Foreign Limited Liability Company,<br><br>            Defendant. | CASE NO.: 8:14-cv-01683-EAK-MAP |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Qaisar Khan ("Plaintiff") submits this supplemental memorandum in support of Plaintiff's Motion for Summary Judgment (Dkt. No. 24 or "Pl. Br.") and in opposition to Kir Tampa 003 LLC ("Defendant")'s Motion for Summary Judgment (Dkt. No. 25 or "Def. Br."). Plaintiff limits his argument herein to the issues raised in the June 24, 2015, Affidavit of Jerry Bouche (Dkt. No. 34 or "Bouche Aff.").

For the reasons provided below, along with those provided in Plaintiff's Memorandum in Support ("Pl. Br."), Memorandum in Opposition to Defendant's Motion for Summary Judgment (Dkt. No. 26 or "Pl. Opp. Br."), and Plaintiff Reply Memorandum in Support (Dkt. No. 30 or "Pl. Reply Br."), Plaintiff's Motion should be granted.[1]  Defendant's recent remediation project did not even *attempt* to address a number of barriers, and further failed to *adequately* address

---

[1] When referring to page numbers of docketed documents, Plaintiff utilizes the page number assigned by the CM/ECF system.  For example, the first page (following the table of contents) of Plaintiff's Opposition Memorandum will be referred to as "Pl. Opp. Br. at 3."

1

others.  Consequently, summary judgment is proper with respect to Barrier Nos. 1-5, 7-10, 12, 13, 15-17, 20-24, 26, 27, 34-37, and 39.

## II.     RECENT PROCEDURAL HISTORY AND SUPPLEMENTAL DISCOVERY

On May 18, 2015 and June 2, 2015, Plaintiff filed his Memorandum in Opposition to Defendant's Motion for Summary Judgment and Reply Brief in Support of Plaintiff's Motion for Summary Judgment, respectively.  Dkt. Nos. 26 and 30.  In his reply brief, Plaintiff argued that summary judgment was proper with respect to Barrier Nos. 1-5 and 7-39.  Pl. Reply. Br. *ibid.*

Two weeks after briefing on the cross-motions was complete, Defendant on June 17th filed a Motion for Leave to Supplement its Summary Judgment Motion "to notify [the] court of completion of ADA modifications[.]"  Dkt. No. 31.  One June 22nd, the Court granted the motion, and further granted Plaintiff thirty (30) days to conduct additional discovery limited to the matters raised in Defendant's expected new "evidence."  Dkt. No. 33.

On June 25, Defendant filed the Affidavit of Jerry Bouche in Support of Defendant's Motion for Summary Judgment.  Dkt. No. 34.  Therein, Mr. Bouche testified that Defendant has corrected the following violations identified by Plaintiff's expert: Barrier Nos. 3-9, 11, 12, 14, 15, 18, 19, 21-23, 25, 26, 28-33, and 36-39.  Bouche Aff. at ¶ 5.  Mr. Bouche also testified that Defendant did *not* attempt to remove Barrier Nos. 1, 2, 10, 12, 13, 16, 17, 20, 24, 27, 34, and 35. *Id.* at ¶ 6.

Supplemental discovery commenced.  On July 2, 2015, Plaintiff served supplemental interrogatories and requests for the production of documents.  Defendant responded on July 16, 2015.[2]

---

[2] Defendant's Responses to Plaintiff's Supplemental Interrogatories and Requests for the Production of Documents are attached hereto as Exhibits 1 and 2, respectively.

2

Further, Plaintiff's expert (Patrick Sullivan) re-inspected the property on July 9, 2015. Affidavit of Patrick Sullivan, attached hereto as Exhibit 3, at ¶ 3. Of the twenty-seven (27) barriers Defendant purportedly claimed to fix, Mr. Sullivan discovered that Defendant had only successfully removed thirteen (13) barriers. *Id.* at ¶ 4; *see also* Plaintiff's Supplemental Expert Report, attached hereto as Exhibit 4, at Barrier Nos. 6, 11, 14, 18, 19, 25, 28, 29, 30, 31, 32, 33, and 38. Therefore, twenty-six (26) barriers remain at the property including twelve (12) barriers which Defendant admits it has not attempted to correct (i.e., Barrier Nos. 1, 2, 10, 12, 13, 16, 17, 20, 24, 27, 34, and 35); and an additional fourteen (14) barriers which Defendant attempted to correct but did so improperly (i.e., Barrier Nos. 3-5, 7-9, 15, 21-23, 26, 36-37 and 39).

### III. <u>LAW AND ARGUMENT: PLAINTIFF'S CLAIMS ARE NOT 'MOOT'</u>

With twenty-six (26) barriers remaining at the property, Defendant cannot realistically assert a 'mooting' defense. Rather than repeat the same argument, Plaintiff respectfully refers the Court to his argument as to those barriers to which Defendant does *not* assert a mooting defense (Pl. Opp. Br. at 13-14) and Defendant's 'power-activated doors' arguments (*id.* at 16-17).

#### A. <u>Item Nos. 1, 2, 10, 12, 13, 16, 17, 20, 24, 27, 34, and 35 Violate the ADAAG</u>

Of the twenty-six (26) remaining barriers, Mr. Bouche testified that Defendant did *not even attempt* to address twelve (12) of them, believing that the barriers do not violate the ADAAG. Bouche Aff. at ¶ 6. These encompass the following: Barrier Nos. 1, 2, 10, 12, 13, 16, 17, 20, 24, 27, 34, and 35. *Id*. Rather than repeating Plaintiff's arguments as to why these barriers do, in fact, constitute ADA violations, Plaintiff respectfully refers the Court to the arguments Plaintiff has made elsewhere on these barriers. *See* Pl. Opp. Br. at 17-20.

  **B.** <u>**Item Nos. 3-5, 7-9, 15, 21-23, 26, 36, 37, and 39 Violate the ADAAG**</u>

 Despite an apparent attempt to remedy them, Defendant failed to remedy another fourteen (14) barriers; namely: Barrier Nos. 3-5, 7-9, 15, 21-23, 26, 36, 37, and 39. These include instances where:

- Defendant, in modifying various curb cuts and ramps, actually created another barrier: a lack of level landings at the same ramps/curb cuts (Ex. 4 at Barrier Nos. 3, 4(b), 5, 7, 9, 21, and 23);

- Defendant failed to adequately reduce the excessive slope measured by Plaintiff's expert, such that the items are still excessively sloped (Ex. 4 at Barrier Nos. 4(a), 15, 36, 39); and

- Defendant failed to address the surface slopes at all and merely relied on the installation of power-activated doors, which (*see* Pl. Opp. Br. at 16-17) does not comply with the ADAAG (Ex. 4 at Barrier Nos. 8, 22, 26, and 37).

 Accordingly, Barrier Nos. 3-5, 7-9, 15, 21-23, 26, 36, 37, and 39 still exist at Defendant's property and violate the ADA.

**IV.** <u>**CONCLUSION**</u>

 For all of the reasons provided above and in Plaintiff's other summary judgment briefing papers, the Court should enter summary judgment for Plaintiff with respect to Barrier Nos. 1-5, 7-10, 12, 13, 15-17, 20-24, 26, 27, 34-37, and 39.

DATE: July 31, 2015                                    Respectfully Submitted,

                 **KU & MUSSMAN, P.A.**

              By: *Louis Mussman, Esq.*
                 Louis I. Mussman (Fla. # 597155)
                 Louis@kumussman.com
                 Brian T. Ku (Fla. # 610461)
                 brian@kumussman.com
                 6001 NW 153rd Street, Suite 100
                 Miami Lakes, Florida 33014
                 Tel: (305) 891-1322
                 Fax: (305) 891-4512

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of July, 2015, I electronically filed the foregoing with the Clerk of Court by using CM/ECF system which will send notice of electronic filing to the following:

 Karen A. Brimmer, Esq.
 Hinshaw & Culbertson LLP
 2525 Ponce de Leon Blvd, 4th Floor
 Coral Gables, Florida 33134

                 */s/ Louis I. Mussman*
                 Louis I. Mussman, Esq.