UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| QAISAR KHAN, | ) | |
| an individual, | ) | |
| | ) | CASE NO.: 8:14-cv-01683-EAK-MAP |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| KIR TAMPA 003, LLC, | ) | |
| a Foreign Limited Liability Company, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## L.R. 3.06(c) JOINT PRETRIAL STATEMENT

Pursuant to Local Rule 3.06(c), Plaintiff, Qaisar Khan ("Plaintiff") and Defendant, Kir Tampa 003, LLC ("Defendant") jointly submit this pretrial statement.

### 1.    Basis of federal jurisdiction

This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

### 2.    Concise statement of the nature of the action

This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* for allegedly failing to remove architectural barriers to access existing at the Defendant's shopping center.

### 3.    A brief, general statement of each party's case

#### *Plaintiff's Statement*

There is but one cause of action in this case: a violation of Title III of the ADA. Specifically, Plaintiff alleges that the Defendant violated and continues to violate 42 U.S.C. § 12181 *et seq.* by discriminating against Plaintiff due to a number of architectural barriers at the property owned by Defendant (a shopping plaza).  Plaintiff seeks declaratory and injunctive

1

relief with respect to twenty-six (26) barriers which remain at the Defendant's property.  These barriers violate the ADAAG and the ADA's 'new construction' standard.  Plaintiff's standing is established by his pre-suit knowledge of these barriers and his evidenced intent to return (both as a patron *and* an ADA tester).

### Defendant's Statement

Defendant is entitled to judgment in its favor, as it has performed all necessary ADA modifications to the subject facility such that the alleged violations identified in Plaintiff's Complaint are now ADA compliant. As such, Plaintiff lacks standing to pursue his claims as they cannot be redressed by a favorable decision of this Court because the factual basis for his claims are now moot. In the alternative, any technical ADA violations do not impose a barrier to full and equal access by Plaintiff to the subject facility.

**4.     A list of all exhibits and Rule 5.04 exhibit substitutes to be offered at trial with notation of all objections thereto**

| No. | Description | Defendant's Objection |
|-----|-------------|----------------------|
| | **Plaintiff's Exhibits** | |
| 1 | Property Flyer | None |
| 2 | Shopping Receipts | None |
| 3 | Sullivan CV (from Feb. 2015 expert report) | None |
| 4 | Sullivan July 2015 Barrier Chart | None |
| 5 | Sullivan Photos from Feb. 2015 Expert Report | None |
| 6 | Sullivan Photos from July 2015 Supplemental Expert Report | None |
| 7 | The 1994 ADAAG | None |
| 8 | The 2010 ADAAG | None |
| 9 | DOJ Title III Technical Assistance Manual | None |
| 10 | Any Exhibit on Defendant's Exhibit List to which Plaintiff does not object | None |
| | **Defendant's Exhibits** | |
| No. | Description | Plaintiff's Objection[1] |
| | | *General Objection:* Defendant has refused to provide and/or identify with specificity a |

---

[1] Plaintiff's Objections will be explained in greater detail in his Motions in Limine (forthcoming).

|  |  | number of the following exhibits, such that Plaintiff is unable to fully assess his objections. Therefore, Plaintiff reserves his right to provide additional objections in the future.<br><br>Plaintiff also reserves his objections at trial with respect to the authentication of documents and proper foundation. |
| --- | --- | --- |
| 1 | Larry M. Schneider CV  (Dkt. 25-2) | FRE 401-403 (relevance); FRE 702-703 (expert admissibility). |
| 2 | Larry M. Schneider deposition (Dkt. 27-1) | FRE 802 (hearsay); FRE 702-703 (expert admissibility). |
| 3 | Photographs and measurements taken by Larry M. Schneider on August 12, 2014 | Plaintiff was never provided these photographs.<br><br>Also, FRCP 16, L.R. 3.05, and L.R. 3.09 (modifying scheduling order); FRCP 26 (expert report requirement); alternatively FRE 702-703 (expert admissibility). |
| 4 | Photographs and measurements taken by Larry M. Schneider on December 8, 2014 | Plaintiff was never provided these photographs.<br><br>Also, FRCP 16, L.R. 3.05, and L.R. 3.09 (modifying scheduling order); FRCP 26 (expert report requirement); alternatively FRE 702-703 (expert admissibility). |
| 5 | Photographs and measurements taken by Larry M. Schneider on January 26, 2015 | Plaintiff was never provided these photographs.<br><br>Also, FRCP 16, L.R. 3.05, and L.R. 3.09 (modifying scheduling order); FRCP 26 (expert report requirement); alternatively FRE 702-703 (expert admissibility). |
| 6 | Photographs and measurements taken by Larry M. Schneider on December 16, 2015 | Plaintiff was never provided these photographs.<br><br>Also, FRCP 16, L.R. 3.05, and L.R. 3.09 (modifying scheduling order); FRCP 26 (expert report requirement); alternatively FRE 702-703 (expert admissibility). |
| 7 | Title III ADA regulations, 28 CFR Part 36 | None. |
| 8 | The ADAAG Manual, A Guide to the Americans with Disabilities Act Accessibility Guidelines 1998 | Plaintiff was never provided this document.<br><br>Also, FRCP 16, L.R. 3.05, and L.R. 3.09 (modifying scheduling order); FRE 802 (hearsay); FRE 803(18) (no learned treatise exception); purely advisory government documents inadmissible. |
| 9 | Documents reflecting cost of modifications to | Plaintiff has received three invoices from |

| | subject property made by Defendant after August 12, 2014 to date | Defendant, to which Plaintiff objects. FRCP 26 (expert report requirements); FRE 401-402 (relevance); FRE 802 (hearsay). |
|---|---|---|
| 10 | Blue prints and plans reflecting modifications to subject property made by Defendant after August 12, 2014 to date | Numerous documents were provided for Plaintiff's inspection in July 2015, to which Plaintiff objects. FRCP 26 (expert report requirements); FRE 401-402 (relevance); FRE 802 (hearsay). |
| 11 | DOJ Publication - Guidance on the 2010 ADA Standards for Accessible Design, 9/15/10 | Plaintiff was never provided this document. Also, FRCP 16, L.R. 3.05, and L.R. 3.09 (modifying scheduling order); FRE 802 (hearsay); FRE 803(18) (no learned treatise exception); purely advisory government documents inadmissible. |
| 12 | The Florida Accessibility Code for Building Construction | FRE 401-403 (relevance). |
| 13 | The Pocket Guide to the Florida Accessibility Standards | FRE 401-403 (relevance); FRE 802 (hearsay). |
| 14 | Title III of the ADA: Technical Assistance Manual published by the DOJ | None. |
| 15 | 1991 ADA Standards - Sec. 3.2, Sec. 4.13.6 and other relevant sections | None. |
| 16 | 2010 ADA Standards - 104.1.1 | None. |
| 17 | Larry M. Schneider expert report dated March 26, 2015 | FRE 702-703 (expert admissibility); FRE 802 (hearsay). |
| 18 | Larry M. Schneider affidavit of August 17, 2015 | The Court has already *denied* Defendant's efforts to supplement the record with this Affidavit. Dkt. No. 43. Also, FRCP 16, L.R. 3.05, and L.R. 3.09 (modifying scheduling order); FRCP 26 (expert report requirements); FRE 401-402 (relevance); FRE 702-703 (expert admissibility); FRE 802 (hearsay). |
| 19 | Any exhibit listed by Plaintiff | None (though Plaintiff may object at trial in response to Defendant's *reason* for proffering the exhibit). |
| 20 | Any exhibit necessary for impeachment or rebuttal purposes | Objections reserved as to impeachment exhibits. Plaintiff objects to Defendant's "rebuttal" exhibits that are not disclosed in this report. |
| 21 | DOJ Safeway opinion, dated 7/26/95, 3/10/04 | FRE 401-403 (relevance); FRE 802 (hearsay). This document is only admissible as evidence that a judicial proceeding occurred. |
| 22 | *ADA v. Publix Consent Decree, ADA v.* | FRE 401-403 (relevance); FRE 802 (hearsay). |

| | *Amoco Consent Decree, American Disability Assoc. v. The Goodyear Tire & Rubber Co.,* Order re Case No. 01-7810-CIV-Roettger/Seltzer | This document is only admissible as evidence that a judicial proceeding occurred. |
|---|---|---|
| 23 | 1991 and/or 2010 ADA Standards | Assuming that Defendant is referring to the ADAAG, none. |
| 24 | DOJ Standards for measuring Calibration Requirements for Smart Tool | Plaintiff was never provided this document.<br><br>Also, FRCP 16, L.R. 3.05, and L.R. 3.09 (modifying scheduling order); FRE 401-403 (relevance); FRE 802 (hearsay); FRE 702-703 (expert admissibility); FRE 803(18) (no learned treatise exception); purely advisory government documents inadmissible. |
| 25 | Smart Tool | Plaintiff was never provided this "smart tool" for inspection.<br><br>Also, FRCP 16, L.R. 3.05, and L.R. 3.09 (modifying scheduling order); FRE 401-403 (relevance); FRE 702-703 (expert admissibility). |
| 26 | Smart Tool Specifications - Accuracy in Degrees | Plaintiff was never provided this document.<br><br>Also, FRE 401-403 (relevance); FRE 802 (hearsay); FRE 803(18) (no learned treatise exception). |
| 27 | Analysis and Commentary on the 2010 ADA Standards for Accessible Design | Plaintiff was never provided these documents.<br><br>Also, FRE 401-403 (relevance); FRE 802 (hearsay); FRE 702-703 (expert admissibility); FRE 803(18) (no learned treatise exception); purely advisory government documents inadmissible. |
| 28 | Handbook of Construction Tolerances by David Kent Ballast, AIA, CSI 2d Ed. | Plaintiff was never provided this document.<br><br>Also, FRCP 16, L.R. 3.05, and L.R. 3.09 (modifying scheduling order); FRE 401-403 (relevance); FRE 802 (hearsay); FRE 702-703 (expert admissibility); FRE 803(18) (no learned treatise exception). |
| 29 | ICC/ANSI A117.1, Standards and Commentary for Accessible and Usable Buildings and Facilities | Plaintiff was never provided these documents.<br><br>Also, FRCP 16, L.R. 3.05, and L.R. 3.09 (modifying scheduling order); FRE 401-403 (relevance); FRE 802 (hearsay); FRE 702-703 (expert admissibility); FRE 803(18) (no learned treatise exception); purely advisory government documents inadmissible. |
| 30 | DOJ Website, www. ada.gov | Plaintiff was never provided this document, nor has Defendant identified which http:// |

| | | |
|---|---|---|
| | | sites (other than the homepage) it intends to offer as an exhibit. Also, FRCP 16, L.R. 3.05, and L.R. 3.09 (modifying scheduling order); FRE 401-403 (relevance); FRE 802 (hearsay); FRE 702-703 (expert admissibility); FRE 803(18) (no learned treatise exception); purely advisory government documents inadmissible. |
| 31 | Access Board website, www. access-board.gov | Plaintiff was never provided this document, nor has Defendant identified which http:// sites (other than the homepage) it intends to offer as an exhibit. Also, FRCP 16, L.R. 3.05, and L.R. 3.09 (modifying scheduling order); FRE 401-403 (relevance); FRE 802 (hearsay); FRE 702-703 (expert admissibility); FRE 803(18) (no learned treatise exception); purely advisory government documents inadmissible. |

**5.      A list of all witnesses who may be called at trial**

*Plaintiff's Witness List*

(a)      Qaisar Khan (Plaintiff)
c/o Ku & Mussman P.A.
6001 NW 153rd St., Ste. 100
Miami Lakes, FL 33014

(b)      Patrick A. Sullivan (Expert)
Patrick A. Sullivan Architect, LLC
1904 Rebecca Road
Lutz, FL 33548

(c)      Any witness listed by Defendant (potentially called—depending on Court's resolution of evidentiary issues)

*Defendant's Witness List*

(a)      Defendant's representative

(b)      Douglas Fischer, c/o Defendant

(c)      Jerry Bouche, c/o Defendant

(d)      Jerry Brady, Brady Design Associates

(e)     All witnesses necessary for impeachment or rebuttal purposes

(f)     Larry M. Schneider, (Defendant's architect expert)
        4905 Midtown Lane, #2313
        Palm Beach Gardens, FL 33418

**6.     A list of all expert witnesses including a statement of the subject matter and a summary of the substance of his or her testimony**

(a)     Patrick A. Sullivan (Plaintiff's Expert)

Mr. Sullivan will testify to: (i) basic background to ADA / ADAAG; (ii) all aspects of the ADA inspection and survey report he produced in this matter; (iii) all architectural barriers to access at the property; (iv) those barriers' non-compliance with the ADAAG; (v) proposed methods to remediate / remove those barriers; (vi) whether those proposals are structurally practicable; and (vii) Defendant's pre-July 2015 attempts to remediate barriers.

(b)     Larry M. Schneider (Defendant's Expert)

Mr. Schneider will testify to: (i) basic background to ADA/ADAAG; (ii) all inspections, photographs and measurements taken by him at his inspections of the subject facility; (iii) his expert reports and affidavits; (iv) his expert opinions as the modifications made by Defendant to achieve compliance with the ADA and ADAAG; (v) the requirements of all relevant ADA and ADAAG regulations as to the subject property (vi) his rebuttal opinions to Patrick Sullivan's original expert report and new opinions expressed in Mr. Sullivan's second affidavit of 7/14/15 and new expert report. (Dkt. No. 37-4) (vii) his opinions that all barriers have been removed by Defendant at the subject facility (viii) his opinions as to whether any further modifications need to be made to afford access to the subject facility (ix) his opinion as to whether plaintiff's claims are now moot (x) his opinion that the ADA does not contain any maximum slope requirement for a landing at the top of a curb ramp and (xi) his opinions as to acceptable construction tolerances

as well as any opinions required for impeachment or rebuttal purposes depending upon the testimony and exhibits introduced by Plaintiff.

**7.      In cases in which any party claims money damages, a statement of the elements of each such claim and the amount being sought**

No damages are sought in this case.

**8.      A list of all depositions to be offered in evidence at trial (as distinguished from possible use for impeachment), including a designation of the pages and lines to be offered from each deposition**

None.

**9.      A concise statement of those facts which are admitted and will require no proof at trial, together with any reservations directed to such admissions**

1. Defendant is the owner of the real property and improvements as the Plaza at Citrus Park, generally located at 12803-12845 Citrus Plaza Drive, Tampa, Florida 33625.

2. The property, a shopping center, is open to the public and provides goods and services to the public.

3. Defendant is the owner / operator over those areas where alleged Barrier Nos. 1-5, 7-10, 12, 13, 15-17, 20-24, 26, 27, 34-37, and 39 are found.

4. The property, which is valued by the Hillsborough Country Property Appraiser's office at $34,343,000, contains a number of buildings, sidewalks, and parking lots constructed in 1999 or thereafter.

5. Defendant is owned entirely by Kimco Income Operating Partnership, L.P.

6. Qaisar Khan resides at 7821 Chaperon Court, Tampa, Florida 33637.

7. Mr. Khan relies on a wheelchair for mobility.

8. Mr. Khan lives just 14.3 miles from the Plaza at Citrus Park.

**10.     A concise statement of applicable principles of law on which there is agreement**

(a) Plaintiff qualifies as a disabled individual under the ADA;

(b) Defendant is owner / operator of a "place of public accommodation" within the meaning of 42 USC § 12182(a) with respect to the Plaintiff's

8

alleged twenty-six (26) barriers at issue (barriers 1-5, 7-10, 12, 13, 15-17, 20-24, 26, 27, 34-37, and 39);

(c)     Tester standing is recognized in the Eleventh Circuit;

(d)     The parties stipulate that Defendant has the financial means to perform any modifications at the subject property that may be ordered by the Court.

**11.     A concise statement of those issues of fact which remain to be litigated (without incorporation by reference to prior pleadings and memoranda)**

 (a)     **Facts asserted by Plaintiff which remain to be litigated, and which are contested by Defendant**

1.     In 2003, Mr. Khan suffered a severe injury to his back resulting in trauma to his T4 and T5 vertebrae, and is paralyzed from the waist down.

2.     Mr. Khan has visited the Subject Property numerous times and plans to continue doing so.   Prior to filing suit, Mr. Khan visited the Subject Property (and patronized the merchants thereat) multiple times, including on July 10, 2013.

3.     Since then, he has been back to the property multiple times, having shopped at some of the stores located at the property and dined at the restaurants located on the outparcels.

4.     Plaintiff intends to return to the property.   In addition to everyday shopping, Mr. Khan intends to return to the property due the fact that his spouse works in the area and there are numerous dining options in close proximity to the property.

5.     Independent of his intent to return to the Subject Property as a patron, Mr. Khan additionally intends to return to the property as an ADA tester to determine whether the barriers to access have been remedied.

6.     On his visits to the Subject Property, Mr. Khan encountered a number of barriers hindering his access.

7.     For example, Mr. Khan had difficulty parking due to excessively sloped spaces and/or access aisles.

8.     Mr. Khan also had difficulty getting from the parking spaces to the sidewalk, due to curb ramps that were excessively sloped, lacked level landings, and containing uneven changes in level.

9.     Mr. Khan also had difficulty navigating the sidewalk and entering various tenant locations, due to excessively sloped and/or cross-sloped paths of

travel.

10. Prior to filing the Complaint in this action, Plaintiff encountered and/or observed alleged Barrier Nos. 1-5, 7-10, 12, 13, 15-17, 20-24, 26, 27, 34-37, and 39 (described in greater detail below).

11. **Barrier No.[2] 1** exists at the Property. At the Jos. A. Bank accessible parking area, the slope of the designated accessible space access aisle is 2.4%, in violation of the ADAAG, which provides that access aisles shall not be steeper than 2.08%).

12. The removal of the aforementioned barrier is structurally practicable, whereby the asphalt may be saw cut and patched so as to provide a ground surface no steeper than 2.08%.

13. **Barrier No. 2** exists at the Property. At the walking surface nearest Jos. A. Bank, damage exists to the marked accessible route such that it in parts exceeds a slope of 2.08%, in violation of the ADAAG.

14. The removal of the aforementioned barrier is structurally practicable, whereby the asphalt may be saw cut and patched so as to provide a ground surface no steeper than 2.08%.

15. **Barrier No. 3** exists at the Property. In modifying the curb ramp nearest Jos. A. Bank, the Defendant failed to provide a level landing at the top of the curb ramp.

16. The removal of the aforementioned barrier is structurally practicable, whereby the curb ramp may be modified to provide a level landing not to exceed 2.08% with a clear length of at least 36 inches as required.

17. **Barrier No. 4** exists at the Property. The curb ramp near Avenue has a running slope of exceeding 8.1%, in violation of the ADAAG, which provides that the ramp surface shall not exceed 8.3%.

18. The removal of the aforementioned barrier is structurally practicable, whereby the curb ramp may be demolished and replaced with a compliant ramp.

19. **Barrier No. 5** exists at the Property. In modifying the curb ramp near Avenue, the Defendant failed to provide a level landing at the top of the curb ramp.

---

[2] These "Barrier Numbers" refer to the number assigned to the condition by Plaintiff's expert in his expert report. Plaintiff has highlighted the barrier numbers for the Court's reference

20.     The removal of the aforementioned barrier is structurally practicable, whereby the curb ramp may be modified to provide a level landing not to exceed 2.08% with a clear length of at least 36 inches as required.

21.     **Barrier No. 7** exists at the Property.  In modifying the curb ramp nearest Massage Envy, the Defendant failed to provide a level landing at the top of the curb ramp.

22.     The removal of the aforementioned barrier is structurally practicable, whereby the curb ramp may be modified to provide a level landing not to exceed 2.08% with a clear length of at least 36 inches as required.

23.     **Barrier No. 8** exists at the Property.  The ground surface slope within the required door maneuvering clearance at the Massage Envy entrance is 4%, in violation of the ADAAG, which provides that slopes approaching power activated doors be no steeper than 2.08%.

24.     Alternatively, even if the door threshold requirements do not apply to the aforementioned barrier, this space is part of the sidewalk route to the door, violating the ADAAG's prohibition against cross-slopes exceeding 2.08%.

25.     The removal of the aforementioned barrier is structurally practicable, whereby the asphalt may be saw cut and demolished to provide a compliant maneuvering clearance slope and/or resolve the excessive surface slope.

26.     **Barrier No. 9** exists at the Property.  In modifying the curb ramp nearest Staples, the Defendant failed to provide a level landing at the top of the curb ramp.

27.     The removal of the aforementioned barrier is structurally practicable, whereby the curb ramp may be modified to provide a level landing not to exceed 2.08% with a clear length of at least 36 inches as required.

28.     **Barrier No. 10** exists at the Property.  The landing at the top of the curb ramp nearest Staples has a structural masonry column protruding into the 36-inch minimum landing clear length required by the ADAAG.

29.     The removal of the aforementioned barrier is structurally practicable, whereby the existing curb ramp can be demolished and relocated elsewhere.

30.     **Barrier No. 12** exists at the Property.  The ground surface slope within the required door maneuvering clearance at the Staples entrance is 2.2%, in violation of the ADAAG, which provides that slopes approaching power activated doors be no steeper than 2.08%.

31.     Alternatively, even if the door threshold requirements do not apply to the aforementioned barrier, this space is part of the sidewalk route to the door, violating the ADAAG's prohibition against cross-slopes exceeding 2.08%.

32.     The removal of the aforementioned barrier is structurally practicable, whereby the front entrance ground surface can be appropriately grinded to meet compliance.

33.     **Barrier No. 13** exists at the Property.  The designated accessible space nearest Staples has a width of 11'4", in violation of the ADAAG, which requires a minimum width of 13' for the parking space and access aisle combined.

34.     The removal of the aforementioned barrier is structurally practicable, whereby the parking space may be re-striped to provide compliance.

35.     **Barrier No. 15** exists at the Property.  The curb ramp nearest Staples contains a running slope in excess of 8.8%, in violation of the ADAAG, with provides that curb ramp surfaces not exceed 8.3%.

36.     The removal of the aforementioned barrier is structurally practicable, whereby the existing curb ramp can be demolished, the existing concrete sidewalk saw cut, and a new concrete curb ramp can be installed.

37.     **Barrier No. 16** exists at the Property.  The maneuvering clearance at the entrance to Petsmart is 3.4%, in violation of the ADAAG, which provides a maneuvering clearance shall not exceed 2.1%.

38.     The removal of the aforementioned barrier is structurally practicable, whereby the entrance slope can be ground to an acceptable level, or the existing concrete can be saw cut and demolished and an entrance with acceptable grading provided.

39.     Insofar as there is a power activated door at the aforementioned barrier, the measured ground surface violates of the ADAAG, which provides that slopes approaching power activated doors be no steeper than 2.08%.

40.     Alternatively, in the case of a power activated door, even if the door threshold requirements do not apply to the aforementioned barrier, this space is part of the sidewalk route to the door, violating the ADAAG's prohibition against cross-slopes exceeding 2.08%.

41.     **Barrier No. 17** exists at the Property.  The designated accessible space access aisle nearest Petsmart has crack deformations and ponding as a result, which violates the ADAAG's requirement that all floor and ground surfaces shall be stable, firm, and slip resistant, as well as prohibitions against excessive changes in level.

42.     The removal of the aforementioned barrier is structurally practicable, whereby one can saw cut and patch the asphalt so as to provide a ground surface not exceeding 2.08%.

43.     **Barrier No. 20** exists at the Property.  The designated accessible space access aisle nearest Bed Bath & Beyond has crack deformations and ponding as a result, which violates the ADAAG's requirement that all floor and ground surfaces shall be stable, firm, and slip resistant, as well as prohibitions against excessive changes in level.

44.     The removal of the aforementioned barrier is structurally practicable, whereby one can saw cut and patch the asphalt so as to provide a ground surface not exceeding 2.08%.

45.     **Barrier No. 21** exists at the Property.  In modifying the curb ramp nearest Party City, the Defendant failed to provide a level landing at the top of the curb ramp.

46.     The removal of the aforementioned barrier is structurally practicable, whereby the curb ramp may be modified to provide a level landing not to exceed 2.08% with a clear length of at least 36 inches as required.

47.     **Barrier No. 22** exists at the Property.  The ground surface slope within the required door maneuvering clearance at the Party City entrance is 3%, in violation of the ADAAG, which provides that slopes approaching power activated doors be no steeper than 2.08%.

48.     Alternatively, even if the door threshold requirements do not apply to the aforementioned barrier, this space is part of the sidewalk route to the door, violating the ADAAG's prohibition against cross-slopes exceeding 2.08%.

49.     The removal of the aforementioned barrier is structurally practicable, whereby the asphalt may be saw cut and demolished to provide a compliant maneuvering clearance slope and/or resolve the excessive surface slope.

50.     **Barrier No. 23** exists at the Property.  In modifying the curb ramp nearest Dress Barn, the Defendant failed to provide a level landing at the top of the curb ramp.

51.     The removal of the aforementioned barrier is structurally practicable, whereby the curb ramp may be modified to provide a level landing not to exceed 2.08% with a clear length of at least 36 inches as required.

52.     **Barrier No. 24** exists at the Property.  The designated accessible space access aisle nearest Dress Barn has crack deformations and ponding as a result, which violates the ADAAG's requirement that all floor and ground

surfaces shall be stable, firm, and slip resistant, as well as prohibitions against excessive changes in level.

53.     The removal of the aforementioned barrier is structurally practicable, whereby one can saw cut and patch the asphalt so as to provide a ground surface not exceeding 2.08%.

54.     **Barrier No. 26** exists at the Property.  The ground surface slope within the required door maneuvering clearance at the Ross entrance is 2.2%, in violation of the ADAAG, which provides that slopes approaching power activated doors be no steeper than 2.08%.

55.     Alternatively, even if the door threshold requirements do not apply to the aforementioned barrier, this space is part of the sidewalk route to the door, violating the ADAAG's prohibition against cross-slopes exceeding 2.08%.

56.     The removal of the aforementioned barrier is structurally practicable, whereby the front entrance ground surface can be appropriately grinded to meet compliance.

57.     **Barrier No. 27** exists at the Property.  At the Ross accessible parking area, the slope of the designated accessible space access aisle is 2.5%, in violation of the ADAAG, which provides that access aisles shall not be steeper than 2.08%.

58.     The removal of the aforementioned barrier is structurally practicable, whereby the asphalt may be saw cut and patched so as to provide a ground surface no steeper than 2.08%.

59.     **Barrier No. 34** exists at the Property.  At the walking surface from the parking lot to Best Buy, the route contains damage resulting in changes in level exceeding ½", such that it does not meet the ADAAG's prohibition against sudden changes in level or surface slopes in excess of 2.08%

60.     The removal of the aforementioned barrier is structurally practicable, whereby the concrete can be ground so as to remove the sudden changes of level and provide surface slopes no greater than 2.08%

61.     **Barrier No. 35** exists at the Property.  The maneuvering clearance at the entrance to Best Buy is 3.8%, in violation of the ADAAG, which provides a maneuvering clearance shall not exceed 2.1%.

62.     The removal of the aforementioned barrier is structurally practicable, whereby the entrance slope can be ground to an acceptable level, or the existing concrete can be saw cut and demolished and an entrance with acceptable grading provided.

63.     Insofar as there is a power activated door at the aforementioned barrier, the measured ground surface violates of the ADAAG, which provides that slopes approaching power activated doors be no steeper than 2.08%.

64.     Alternatively, in the case of a power activated door, even if the door threshold requirements do not apply to the aforementioned barrier, this space is part of the sidewalk route to the door, violating the ADAAG's prohibition against cross-slopes exceeding 2.08%.

65.     **Barrier No. 36** exists at the Property.  The curb ramp near Joann Fabrics has a running slope of exceeding 8.5%, in violation of the ADAAG, which provides that the ramp surface shall not exceed 8.3%.

66.     The removal of the aforementioned barrier is structurally practicable, whereby the curb ramp may be demolished and replaced with a compliant ramp.

67.     **Barrier No. 37** exists at the Property.  The ground surface slope within the required door maneuvering clearance at the Joann Fabrics entrance is 2.6%, in violation of the ADAAG, which provides that slopes approaching power activated doors be no steeper than 2.08%.

68.     Alternatively, even if the door threshold requirements do not apply to the aforementioned barrier, this space is part of the sidewalk route to the door, violating the ADAAG's prohibition against cross-slopes exceeding 2.08%.

69.     The removal of the aforementioned barrier is structurally practicable, whereby the asphalt may be ground to provide a compliant maneuvering clearance slope and/or resolve the excessive surface slope.

70.     **Barrier No. 39** exists at the Property.  At the Sports Authority accessible parking area, the slope of the designated accessible space access aisle contains a 2.9% cross slope, in violation of the ADAAG, which provides that access aisles shall not be steeper than 2.08%.

71.     The removal of the aforementioned barrier is structurally practicable, whereby the asphalt may be saw cut and patched so as to provide a ground surface no steeper than 2.08%.

**(b)     Facts asserted by Defendant which remain to be litigated, and which are contested by Plaintiff**

1.     Whether Item #1 in Plaintiff's expert's report constitutes a barrier or a violation under the ADA/ADAAG at the subject facility.

2.     Whether if Item #1 is found to constitute a barrier or a violation under the ADA/ADAAG, whether it is structurally practicable and readily achievable to remove.

3.      Whether Item #2 in Plaintiff's expert's report constitutes a barrier or a violation under the ADA/ADAAG at the subject facility.

4.      Whether if Item #2 is found to constitute a barrier or a violation under the ADA/ADAAG, whether it is structurally practicable and readily achievable to remove.

5.      Whether Item #3 in Plaintiff's expert's report constitutes a barrier or a violation under the ADA/ADAAG at the subject facility.

6.      Whether if Item #3 is found to constitute a barrier or a violation under the ADA/ADAAG, whether it is structurally practicable and readily achievable to remove.

7.      Whether Item #4 in Plaintiff's expert report constitutes a barrier or a violation under the ADA/ADAAG at the subject facility.

8.      Whether if Item #4 is found to constitute a barrier or a violation under the ADA/ADAAG, whether it is structurally practicable and readily achievable to remove.

9.      Whether Item #5  in Plaintiff's expert's report  constitutes  a barrier or a violation under the ADA/ADAAG at the subject facility.

10.     Whether if Item #5 is found to constitute a barrier or a violation under the ADA/ADAAG, whether it is structurally practicable and readily achievable to remove.

11.     Whether Item #7 in Plaintiff's expert's report constitutes a barrier or a violation under the ADA/ADAAG at the subject facility.

12.     Whether if Item #7 is found to constitute a barrier or a violation under the ADA/ADAAG, whether it is structurally practicable and readily achievable to remove.

13.     Whether Item #8 in Plaintiff's expert's report constitutes a barrier or a violation under the ADA/ADAAG at the subject facility.

14.     Whether if Item #8 is found to constitute a barrier or a violation under the ADA/ADAAG, whether it is structurally practicable and readily achievable to remove.

15.     Whether Item #9 in Plaintiff's expert's report constitutes a barrier or a violation under the ADA/ADAAG at the subject facility.

16.     Whether if Item #9 is found to constitute a barrier or a violation under the ADA/ADAAG, whether it is structurally practicable and readily achievable to remove.

17.     Whether Item #10 in Plaintiff's expert's report constitutes a barrier or a violation under the ADA/ADAAG at the subject facility.

18.     Whether if Item #10 is found to constitute a barrier or a violation under the ADA/ADAAG, whether it is structurally practicable and readily achievable to remove.

19.     Whether Item #12 in Plaintiff's expert's report constitutes a barrier or a violation under the ADA/ADAAG at the subject facility.

20.     Whether if Item #12 is found to constitute a barrier or a violation under the ADA/ADAAG, whether it is structurally practicable and readily achievable to remove.

21.     Whether Item #13 in Plaintiff's expert's report constitutes a barrier or a violation under the ADA/ADAAG at the subject facility.

22.     Whether if Item #13 is found to constitute a barrier or a violation under the ADA/ADAAG, whether it is structurally practicable and readily achievable to remove.

23.     Whether Item #15 in Plaintiff's expert's report constitutes a barrier or a violation under the ADA/ADAAG at the subject facility.

24.     Whether if Item #15 is found to constitute a barrier or a violation under the ADA/ADAAG, whether it is structurally practicable and readily achievable to remove.

25.     Whether Item #16 in Plaintiff's expert's report constitutes a barrier or a violation under the ADA/ADAAG at the subject facility.

26.     Whether if Item #16 is found to constitute a barrier or a violation under the ADA/ADAAG, whether it is structurally practicable and readily achievable to remove.

27.     Whether the presence of a power activated door, as it pertains to Item # 16, obviates the need for a requirement for a level area at the door.

28.     Whether Item #17 in Plaintiff's expert's report constitutes a barrier or a violation under the ADA/ADAAG at the subject facility.

29.     Whether if Item #17 is found to constitute a barrier or a violation under the ADA/ADAAG, whether it is structurally practicable and readily achievable to remove.

30.     Whether Item #20 in Plaintiff's expert's report constitutes a barrier or a violation under the ADA/ADAAG at the subject facility.

31.     Whether if Item #20 is found to constitute a barrier or a violation under the ADA/ADAAG, whether it is structurally practicable and readily achievable to remove.

32.     Whether Item #21 in Plaintiff's expert's report constitutes a barrier or a violation under the ADA/ADAAG at the subject facility.

33.     Whether if Item #21 is found to constitute a barrier or a violation under the ADA/ADAAG, whether it is structurally practicable and readily achievable to remove.

34.     Whether Item #22 in Plaintiff's expert's report constitutes a barrier or a violation under the ADA/ADAAG at the subject facility.

35.     Whether if Item #22 is found to constitute a barrier or a violation under the ADA/ADAAG, whether it is structurally practicable and readily achievable to remove.

36.     Whether Item #23 in Plaintiff's expert's report constitutes a barrier or a violation under the ADA/ADAAG at the subject facility.

37.     Whether if Item #23 is found to constitute a barrier or a violation under the ADA/ADAAG, whether it is structurally practicable and readily achievable to remove.

38.     Whether Item #24 in Plaintiff's expert's report constitutes a barrier or a violation under the ADA/ADAAG at the subject facility.

39.     Whether if Item #24 is found to constitute a barrier or a violation under the ADA/ADAAG, whether it is structurally practicable and readily achievable to remove.

40.     Whether Item #26 in Plaintiff's expert's report constitutes a barrier or a violation under the ADA/ADAAG at the subject facility.

41.     Whether if Item #26 is found to constitute a barrier or a violation under the ADA/ADAAG, whether it is structurally practicable and readily achievable to remove.

42.     Whether Item #27 in Plaintiff's expert's report constitutes a barrier or a violation under the ADA/ADAAG at the subject facility.

43.     Whether if Item #27 is found to constitute a barrier or a violation under the ADA/ADAAG, whether it is structurally practicable and readily achievable to remove.

44.     Whether Item #34 in Plaintiff's expert's report constitutes a barrier or a violation under the ADA/ADAAG at the subject facility.

45.     Whether if Item #34 is found to constitute a barrier or a violation under the ADA/ADAAG, whether it is structurally practicable and readily achievable to remove.

46.     Whether Item #35 in Plaintiff's expert's report constitutes a barrier or a violation under the ADA/ADAAG at the subject facility.

47.     Whether if Item #35 is found to constitute a barrier or a violation under the ADA/ADAAG, whether it is structurally practicable and readily achievable to remove.

48.     Whether the presence of a power activated door, as to Item #35, renders the area ADA/ADAAG compliant at the subject facility, and does not hinder access to Plaintiff.

49.     Whether Item #36 in Plaintiff's expert's report constitutes a barrier or a violation under the ADA/ADAAG at the subject facility.

50.     Whether if Item #36 is found to constitute a barrier or a violation under the ADA/ADAAG, whether it is structurally practicable and readily achievable to remove.

51.     Whether Item #37 in Plaintiff's expert's report constitutes a barrier or a violation under the ADA/ADAAG at the subject facility.

52.     Whether if Item #37 is found to constitute a barrier or a violation under the ADA/ADAAG, whether it is structurally practicable and readily achievable to remove.

53.     Whether Item #39 in Plaintiff's expert's report constitutes a barrier or a violation under the ADA/ADAAG at the subject facility.

54.     Whether if Item #39 is found to constitute a barrier or a violation under the ADA/ADAAG, whether it is structurally practicable and readily achievable to remove.

**12.     A concise statement of those issues of law which remain for determination by the Court (without incorporation by reference to prior pleadings or memoranda)**

(a)     Whether Plaintiff has standing to maintain this action.

(b)     Whether the Defendant's property contains barriers which violate the relevant ADAAG standards.

(c)      If so, whether Defendant's alleged remediation efforts have rendered any of the remaining barriers moot.

(d)     Whether the ADA's 'new construction' standard applies in this case;

(e)     If the 'new construction' standard applies, whether a property is 'readily accessible to and usable by individuals with disabilities' is determined by compliance with the ADAAG; and

(f)     Motions in Limine (forthcoming).

**13.     A concise statement of any disagreement as to the application of the Federal Rules of Evidence or the Federal Rules of Civil Procedure**

None at this time.

**14.     A list of all motions or other matters which require action by the Court**

The parties filed cross Motions for Summary Judgment. [Dkt. Nos. 24 & 25]. Furthermore, pursuant to the Court's Case Management and Scheduling Order, the parties anticipate filing various motions *in limine* at least three weeks prior to the commencement of trial.  Resolution of same is intended to narrow the issues for trial.

**15.     Signatures of counsel for all parties.**

DATE: December 1, 2015                              Respectfully Submitted,

                                                                          **KU & MUSSMAN, P.A.**

                                                          By:     *Louis Mussman, Esq.*
                                                                  Louis I. Mussman (Fla. # 597155)
                                                                  louis@kumussman.com
                                                                  Brian T. Ku (Fla. # 610461)
                                                                  brian@kumussman.com
                                                                  6001 NW 153rd Street, Suite 100
                                                                  Miami Lakes, Florida 33014
                                                                  Tel: (305) 891-1322
                                                                  Fax: (305) 891-4512
                                                                  *Attorney for Plaintiff*

                                                          and

**HINSHAW AND CULBERTSON LLP**

By:   */s/ Karen A. Brimmer, Esq.*
      Karen A. Brimmer (Fla. # 236470)
      kbrimmer@hinshawlaw.com
      2525 Ponce de Leon Blvd., 4th Floor
      Coral Gables, Florida 33134
      Tel: (305) 358-7747
      Fax: (305) 577-1063
      *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of December, 2015, I electronically filed the

foregoing with the Clerk of Court by using CM/ECF system which will send notice of electronic

filing to the following:

    Karen A. Brimmer, Esq.
    Hinshaw & Culbertson LLP
    2525 Ponce de Leon Blvd, 4th Floor
    Coral Gables, Florida 33134

                    */s/ Louis I. Mussman*
                    Louis I. Mussman, Esq.